IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEROME W. GRIFFIN, for himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 2:06-CV-0365-DRB |
| ALABAMA GAS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## OPPOSED MOTION FOR CLASS CERTIFICATION

Comes now the Plaintiff in the above-styled cause and moves the Court to certify this litigation as a class action pursuant to *Fed.R.Civ.P.* 23(a) and 23(b)(2), based upon the following:

1.  Plaintiff brought this action pursuant to *Fed.R.Civ.P.* 23(a) and 23(b)(2) on his own behalf and on behalf of all other persons similarly situated. The members of the class are in excess of the numerousity requirement for a class action. The class is composed of Plaintiff and all other African-American employees and former African-American employees of the Defendant who were employed by the Defendant and those who will in the future be employed by the Defendant and, upon information and belief, have been denied promotions, are or were working in lower positions, or have been discriminatorily deprived wages, benefits, and other emoluments of employment that are or have been enjoyed by similarly or less qualified caucasian employees.

2.  The representative Plaintiff's claims and the claims of class members arise out of the same practice by Alabama Gas Corporation. This common injury meets the commonality requirement of Rule 23(a).

3. The Plaintiff's claims are typical of the claims of the other members of the class in that the claims of the class representative arise from the same practices as the claims of class members and are based on the same legal theories. The common legal theories in this case are allegations that the Defendant has violated Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, by failing to provide promotions, wages, benefits, training, and other emoluments of employment to African-Americans on the same basis as that enjoyed by similarly or less qualified caucasian employees. This nexus between injury and legal theory meets the typicality requirement of Rule 23(a).

2. Plaintiff's attorneys are qualified and generally able, with extensive experience in civil rights and complex class action litigation. Plaintiff has no conflicts of interest with absent class members. For these reasons, the Plaintiff will fairly and adequately protect the interests of the class in this action as required by Rule 23(a).

4. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive relief with respect to the class as a whole, which satisfies the requirements of Rule 23(b)(2).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff moves this Court to certify this litigation as a class action pursuant to Rule 23(a) and Rule 23(b)(2), *Fed.R.Civ.P.*

Respectfully submitted,

/s/ Andrew C. Allen
ANDREW C. ALLEN

**OF COUNSEL:**
Joe R. Whatley, Jr.
WHATLEY DRAKE & KALLAS, LLC
2323 2nd Avenue North (35203)
Post Office Box 10647
Birmingham, Alabama 35202-0647
Telephone: (205) 328-9576
Facsimile: (205) 328-9669

J.L. Chestnut, Jr.
CHESTNUT, SANDERS, SANDERS
PETTAWAY & CAMPBELL, PC
Post Office Box 1290
Selma, Alabama 36702-1290
Telephone: (334) 875-9264
Facsimile: (334) 875-9853

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of September, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Abdul K. Kallon
James Walker May, Jr.
BRADLEY ARANT ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Email: akallon@bradleyarant.com
jmay@bradleyarant.com
Telephone: (205) 521-8294
Facsimile: (205) 488-6294

/s/ Andrew C. Allen
OF COUNSEL

3