## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

| | | |
|---|---|---|
| **JEROME W. GRIFFIN, for himself and all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION NO. 2:06-cv-365-MEF** |
| **ALABAMA GAS CORPORATION,** | ) ) ) | |
| **Defendant.** | ) | |

## ANSWER OF ALABAMA GAS TO
## PLAINTIFF'S AMENDED COMPLAINT

Defendant, Alabama Gas Corporation ("Alabama Gas"), for answer to Plaintiff's Amended Complaint says as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's allegations under 42 U.S.C. §1981 in the First Amended Complaint are barred unless the alleged acts or omissions occurred on or after

April 21, 2004. Complaints about acts or omissions prior to that date are barred by operation of the applicable two-year statute of limitations.

### THIRD DEFENSE

Plaintiff failed to mitigate his damages, if any.

### FOURTH DEFENSE

To the extent that plaintiff seeks punitive damages, plaintiff is not entitled to recover punitive damages against Alabama Gas because it has not acted with malice or reckless disregard for plaintiff's federally protected rights.

### FIFTH DEFENSE

To recover under 42 U.S.C. §1981, plaintiff must prove intentional racial discrimination.

### SIXTH DEFENSE

To the extent that plaintiff seeks compensatory and punitive damages, such damages, if awarded, are limited by 42 U.S.C. § 1981A(b)(3), and, moreover, such claims may not be prosecuted on behalf of a class as a matter of law.

### SEVENTH DEFENSE

Plaintiff may not litigate issues in this lawsuit which were raised or which could have been raised in any prior actions under Title VII of the Civil Rights Act of 1964 or otherwise arising out of the same nucleus of facts involved in this

lawsuit. Plaintiff may not split his cause of action and is estopped and precluded from litigating the claims and issues raised in this lawsuit.

## EIGHTH DEFENSE

Plaintiff cannot pursue any claims under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Civil Rights Act of 1991 ("CRA") that are not like or related to the claims raised in his EEOC Charge.

## NINTH DEFENSE

To the extent plaintiff pursues claims under Title VII or the CRA, and to the extent he seeks to litigate claims based on events occurring more than 180 days prior to the date of his EEOC charge, plaintiff has failed to satisfy the statutory conditions precedent to litigation of such claims under Title VII and the CRA.

## TENTH DEFENSE

To the extent plaintiff has not filed his Complaint within 90 days of the day of his receipt of his right to sue letter from the EEOC, his claims under Title VII and the CRA are untimely.

## ELEVENTH DEFENSE

To the extent plaintiff seeks punitive damages under Title VII or the CRA, he has failed to state a claim upon which relief may be granted in that Alabama Gas did not engage in any discriminatory practice with malice or reckless indifference for plaintiff's federally protected rights. 42 U.S.C. § 1981 a(b)(1).

## TWELFTH DEFENSE

Alabama Gas's decisions or actions regarding plaintiff or other employees were based upon legitimate, non-discriminatory, factors and were not based on race.

## THIRTEENTH DEFENSE

Plaintiff cannot establish a prima facie case of discrimination or alternatively that Alabama Gas's legitimate, non-discriminatory, reasons for its decisions were pretext for an intent to discriminate on the basis of race.

## FOURTEENTH DEFENSE

Alabama Gas acted in good faith and did not intentionally or purposely discriminate against the plaintiff or any other employee on the basis of race.

## FIFTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint are contrary to Alabama Gas's policies and good faith efforts to comply with the laws.

## SIXTEENTH DEFENSE

Plaintiff's allegations are not authorized for class action certification in that he cannot satisfy the requirements of F.R.Civ.23(a) and (b)(2) as pled.

## SEVENTEENTH DEFENSE

Plaintiff cannot meet the requirements of F.R.C.P. Rule 23(a)(1) because he cannot show that he represents a class sufficiently numerous to warrant class treatment.

## EIGHTEENTH DEFENSE

Plaintiff cannot meet the basic criteria of Rule 23(a)(2) and (3) as he cannot show that there are questions of law or fact common to the members of the proposed class or that his claims are typical of the claims of the putative class.

## NINETEENTH DEFENSE

Plaintiff cannot satisfy the requirements of Rule 23(a)(4) because he cannot show that he will adequately represent and protect the interests of the putative class.

## TWENTIETH DEFENSE

Plaintiff cannot prove that any policy or practice of Alabama Gas has resulted in or refusal to act in regard to plaintiff and the putative class on grounds which are generally applicable to all of them so that final injunctive relief with respect to the class as a whole is appropriate.

## TWENTY-FIRST DEFENSE

To the extent that plaintiff seeks to certify a class pursuant to Rule 23(b)(3), Alabama Gas contends that questions of law or fact which are common to class

members do not predominate over questions affecting individual members, so that class action treatment is superior to the available methods for the fair and efficient adjudication of the controversy.

### TWENTY-SECOND DEFENSE

Plaintiff's promotion claims are not appropriate for class treatment because they are too individualized. The resolution of these claims is contingent upon individual determination of competing qualifications with different decision makers for different jobs applying differing selection criteria.

### TWENTY-THIRD DEFENSE

Plaintiff's compensation claims are not appropriate for class treatment because they are too individualized.

### TWENTY-FOURTH DEFENSE

Class treatment is inappropriate because plaintiff cannot show the proper nexus between his claims, which arose at his location of employment, and the claims of the proposed class, which includes successful applicants, rejected applicants, non-applicants, present and past employees, as well as prospective applicants at different locations in Alabama.

### TWENTY-FIFTH DEFENSE

Class treatment is inappropriate because the proposed class includes supervisory and non-supervisory employees, union and non-union employees.

## TWENTY-SIXTH DEFENSE

Class treatment is inappropriate because an incumbent employee class would consist of persons from varying job classifications whose claims do not meet the nexus requirement.

## TWENTY-SEVENTH DEFENSE

Class treatment is inappropriate because the proposed class of non-applicants and prospective applicants is unascertainable. Moreover, applicants and incumbent employees may be expected to have antagonistic interests.

## TWENTY-EIGHTH DEFENSE

Class treatment is inappropriate because plaintiff's request for placement to the positions he claims Alabama Gas denied him and the proposed class, creates a conflict amongst the proposed class members since there were few promotional opportunities available during the time period at issue.

## TWENTY-NINTH DEFENSE

To the extent that plaintiff and the class he seeks to represent seek damages for alleged mental anguish, anxiety, and emotional distress, such claims cannot be litigated on behalf of a class.

## THIRTIETH DEFENSE

Any properly-defined class is not so numerous that joinder of all members is impracticable.

## THIRTY-FIRST DEFENSE

There are no questions of law or fact common to the proposed class members sufficient to merit class treatment. This action fails to qualify as a class action because there are not any economies obtained by litigating these claims on a class basis.

## THIRTY-SECOND DEFENSE

The claims or defenses of the representative party are not typical of the claims or defenses of the class.

## THIRTY-THIRD DEFENSE

The representative party cannot fairly and adequately protect the interests of the class since he is employed at Alabama Gas's Selma location, has only applied for a set number of positions, does not know what positions the class members he seeks to represent applied for and the circumstances surrounding those applications, and, as a non-union member is not familiar with the collective bargaining agreement(s) in effect and the procedures for awarding positions.

## THIRTY-FOURTH DEFENSE

The prosecution of separate actions by individual members of the proposed class would not create a risk of inconsistent or varying adjudication which will likely establish incompatible standards of conduct for defendant.

## THIRTY-FIFTH DEFENSE

Adjudications with respect to the individual members of the proposed class would not as a practical matter be dispositive of the interests of the other members of the proposed class.

## THIRTY-SIXTH DEFENSE

Alabama Gas has not acted or refused to act on grounds generally applicable to the proposed class.

## THIRTY-SEVENTH DEFENSE

Questions of law or fact common to the members of the proposed class do not predominate over any questions affecting only individual members and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## THIRTY-EIGHTH DEFENSE

To the extent a fact finder were to find erroneously that any employment decision was motivated in part by race, Alabama Gas avers that it would have made the same decision based entirely on legitimate business reasons.

## THIRTY-NINTH DEFENSE

Plaintiff apparently complains, on behalf of a purported class, that the purported class members were discriminated against in promotion to bargaining

unit positions. As to these claims, plaintiff has failed to join parties – the various labor organizations – in whose absence complete relief cannot be granted.

## FORTIETH DEFENSE

To the extent plaintiff complains about promotion from bargaining unit to first level supervisory jobs, such claims cannot be prosecuted on behalf of a class comprised of employees in multiple facilities because amongst other things, due to material differences in the jobs, selection practices, and decision makers, these claims cannot effectively be tried on a class basis.

## FORTY-FIRST DEFENSE

Plaintiff's compensatory damages claims are not appropriate for class treatment.

## FORTY-SECOND DEFENSE

At the time this answer is filed, discovery is incomplete. Accordingly, Alabama Gas reserves its right upon the completion of discovery to add such supplemental or additional defenses as are available and appropriate.

## FORTY-THIRD DEFENSE

In answer to the separately numbered paragraphs of Plaintiff's Complaint, Alabama Gas states as follows:

## I.    Jurisdiction and Venue

1.    Alabama Gas admits that this Court has subject matter jurisdiction of this matter but avers that it has not violated any of the statutes listed in Paragraph 1 of the Amended Complaint.

2.    Alabama Gas admits that venue is proper in this Court but denies that it has deprived Plaintiff and the class he seeks to represent of any rights.

3.    Alabama Gas admits that Plaintiff filed an EEOC Charge and that the EEOC issued him a right-to-sue letter, but denies the rest of the allegations of Paragraph 3 of the Amended Complaint.

4.    Alabama Gas denies the allegations of Paragraph 4 of the Amended Complaint.

## II.    Parties

5.    On information and belief, Alabama Gas admits the allegations of Paragraph 5 of the Amended Complaint.

6.    On information and belief, Alabama Gas admits the allegations of Paragraph 6 of the Amended Complaint.

7.    Alabama Gas admits that it hired Plaintiff in May 2000 as a Crewman and that he currently works as a Corrosion/Environmental Technician.  However, Alabama Gas currently lacks sufficient information to admit or deny the rest of the

allegations of Paragraph 7 of the Amended Complaint and, accordingly, denies same.

8.    Alabama Gas admits that it is a natural gas distributor, that it operates out of multiple divisions in Alabama, and that its parent company is Energen Corporation.  Except as expressly admitted, Alabama Gas denies the allegations of Paragraph 8 of the Amended Complaint.

### III.    Class

9.    This paragraph outlines Plaintiff's position and does not require a response from Alabama Gas.  Alabama Gas does, however, aver that Plaintiff lacks standing to represent the class he seeks to represent and that Plaintiff cannot satisfy the Rule 23 requirements necessary to prosecute this action as a class.

### IV.    Statement of Facts

10.    Alabama Gas admits that it implemented the Hogan Personality Inventory ("HPI") as a mechanism for selecting employees but avers that it has only implemented this procedure so far in selected positions and in particular entry-level operations supervisory positions.  Alabama Gas implemented the HPI and the companion phase, the structured interviews, in conjunction with industrial psychologists who conducted several studies and assessments of Alabama Gas employees to devise selection criteria that would evaluate employees on the actual job traits that are essential for the position in a standardized manner.  Only those

candidates that pass the HPI advance to the structured interview phase.  Both the HPI and structured interview are validated and do not have an adverse impact on any groups.  Except as expressly admitted, Alabama Gas denies the allegations of Paragraph 10 of the Amended Complaint.

11.    Alabama Gas admits that Plaintiff took the HPI and successfully advanced to the structured interview phase.  However, Alabama Gas avers that Plaintiff faced the same procedures as other applicants for the position in question. Moreover, Alabama Gas implemented these new procedures across-the-board, for all entry-level operations supervisory positions, and notified applicants of these changes.  Alabama Gas denies that it has promoted to operations entry level supervisory positions white employees who failed the HPI and structured interview.  Except as expressly admitted, Alabama Gas denies the allegations of Paragraph 11 of the Amended Complaint.

12.    Alabama Gas admits that it informed Plaintiff that he failed to score at the level necessary for successful selection and admits that Alabama Gas employees conduct the structured interviews.  However, Alabama Gas avers that these individuals have received extensive training from Omega Consulting, the creators of the selection procedures.  Alabama Gas denies the rest of the allegations of Paragraph 12 of the Amended Complaint and avers that it has not

promoted to operations entry level supervisory positions any employee who failed the HPI and the structured interview.

13.    Alabama Gas denies the allegations of Paragraph 13 of the Amended Complaint and avers that consistent with its obligations under USERRA, it did, in fact, reinstate an employee who returned from active duty to a similar position that employee held before he left for active duty.

14.    Alabama Gas denies the allegations of Paragraph 14 of the Amended Complaint. Alabama Gas avers that when it implemented the HPI and structured interview, it specifically informed applicants of the new procedures and that since their implementation, it has subjected all employees applying for entry level operations supervisory positions to the new procedures.

15.    Alabama Gas denies the allegations of Paragraph 15 of the Amended Complaint.

16.    Alabama Gas admits that it promoted Mike Gorenflo to a Superintendent position and that it does not post Superintendent positions. However, Alabama Gas avers that Superintendent and other higher level positions are specifically excluded from Alabama Gas's posting program. Moreover, Alabama Gas avers that Plaintiff is not qualified for a Superintendent position because, among other things, he has not worked in an operations supervisory

position.   Except as expressly admitted, Alabama Gas denies each and every allegation of Paragraph 16 of the Amended Complaint.

17.    Alabama Gas denies the allegations of Paragraph 17 of the Amended Complaint and avers that there are many African-Americans without college degrees in supervisory positions.

18.    Alabama Gas denies that it "systematically engages in racially discriminatory policies" and that it "ordered" Plaintiff to "relocate to his work location on becoming a technician."  Alabama Gas avers that Plaintiff applied for a position in Selma and knew specifically that to service the Selma Division effectively he would have to move to the Division since the Selma Division, unlike Birmingham, has only one Corrosion Technician servicing the entire Division.  As to Plaintiff's complaint about the selection of a vehicle, Alabama Gas avers that it treated Plaintiff more favorably than David Renaud since, unlike Renaud, Plaintiff had more input into the vehicle he received.   Except as expressly admitted, Alabama Gas denies the allegations of Paragraph 18 of the Amended Complaint.

19.    Alabama Gas admits that David Renaud earns more in overtime than Plaintiff but avers that it is because Renaud works in the Birmingham Division which has more opportunities for overtime than Selma.   Except as expressly admitted, Alabama Gas denies the allegations of Paragraph 19 of the Amended Complaint.

20.     Alabama Gas adopts and incorporates its responses to Paragraphs 1 – 19 of the Amended Complaint as if fully set forth herein.

21.     Alabama Gas denies the allegations of Paragraph 21 of the Amended Complaint.

22.     Alabama Gas denies the allegations of Paragraph 22 of the Amended Complaint.

23.     Alabama Gas adopts and incorporates its responses to Paragraphs 1 – 22 of the Amended Complaint as if fully set forth herein.

24.     Alabama Gas denies the allegations of Paragraph 24 of the Amended Complaint.

25.     Alabama Gas denies the allegations of Paragraph 25 of the Amended Complaint.

26.     Alabama Gas denies that plaintiff is a proper representative of the proposed class, denies that common questions of law and fact predominate and denies that class action would be superior to other available methods for the fair and efficient adjudication of this controversy.   Also, Alabama Gas denies that Plaintiff and the proposed class are entitled to injunctive relief or any other declaratory relief, back pay, front pay, interest, attorneys' fees, expenses, costs or any other award, relief or damages whatsoever.   Alabama Gas denies the allegations contained in the prayer for relief of plaintiff's Amended Complaint.

27.    To the extent not admitted herein, Alabama Gas denies each and every allegation in Plaintiff's Amended Complaint separately and severally.   Alabama Gas further denies that this action is proper for class treatment.

WHEREFORE, Alabama Gas seeks judgment in its favor and an award of costs and attorney fees incurred in its defense.


s/Abdul K. Kallon
James Walker May
Abdul K. Kallon
Stacey T. Bradford
Attorneys for Alabama Gas Corporation

<u>Of Counsel</u>

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3<u>rd</u> , 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joe R. Whatley, Jr.
Andrew C. Allen
Whatley Drake & Kallas, LLC
2323 2nd Avenue North (35203)
Post Office Box 10647
Birmingham, AL 35202-0647

J. L. Chestnut, Jr.
Chestnut Sanders Sanders Pettaway & Campbell PC
PO Box 1290
Selma, AL 36702-1290


and I hereby certify that I have mailed by United States Postal Service the
document to the following non-CM/ECF participants:

None.

Respectfully submitted,
s/ Abdul K. Kallon
_____
Abdul K. Kallon
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: akallon@bradleyarant.com