IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEROME W. GRIFFIN, for himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 2:06-CV-0365-MEF |
| ALABAMA GAS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

### AMENDED MOTION FOR CLASS CERTIFICATION

Comes now the Plaintiff in the above-styled cause and moves the Court to allow modification of its class definition and to certify this litigation as a class action pursuant to *Fed.R.Civ.P.* 23(a) and 23(b)(2), based upon the following:

1.  Plaintiff brought this action pursuant to *Fed.R.Civ.P.* 23(a) and 23(b)(2) on his own behalf and on behalf of all other persons similarly situated. In Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification (hereinafter "Defendant's Memorandum"), Defendant professes confusion over the class definition. See Defendant's Memorandum pp. 15-17.

2.  So that there is no further confusion, Plaintiff moves the Court to certify the following Class and to amend all prior pleadings to conform with this definition:

> African American employees of the Alabama Gas Corporation who within the last two (2) years were denied job promotions or who in the future will be denied the opportunity for such promotions to non-bargaining unit positions and salary increases on account of race, regardless of whether such employees are salaried, hourly, union or non-union workers, as a result of the "Hogan Assessment Test" or the "Structured Panel Interview."[1]

---

[1] The class definition utilized in the Amended Complaint and Plaintiff's Memorandum in Support of Class Certification are essentially the same, except that the Memorandum refines the

3. The members of the class are in excess of the numerousity requirement for a class action.

4. The representative Plaintiff's claims and the claims of class members arise out of the same practice by Alabama Gas Corporation. This common injury meets the commonality requirement of Rule 23(a).

5. The Plaintiff's claims are typical of the claims of the other members of the class in that the claims of the class representative arise from the same practices as the claims of class members and are based on the same legal theories. The common legal theories in this case are allegations that the Defendant has violated Title VII of the Civil Rights Act of 1964 by implementing testing procedures, specifically the Hogan Assessment and the Structured Interview test, that have an adverse impact on African-American candidates for supervisory positions.

6. Plaintiff's attorneys are qualified and generally able, with extensive experience in civil rights and complex class action litigation. Plaintiff has no conflicts of interest with absent class members. For these reasons, the Plaintiff will fairly and adequately protect the interests of the class in this action as required by Rule 23(a).

---

class definition further to make clear that Plaintiff is challenging the "Hogan Assessment Test" and the "Structured Panel Interview" tests only. The Class definition contained in this motion is essentially the same as that contained in the Amended Complaint and Plaintiff's Memorandum, except that it attempts to make clear that it is challenging the use of the "Hogan Assessment Test" and the "Structured Panel Interview" tests prospectively as well as retroactively. Counsel believed that use of the phrase "…the opportunity for such positions…" in the original definition made that clear. Unfortunately, in drafting the Motion for Class Certification, counsel inadvertently incorporated a class definition used in other litigation. That mistake was unintended and counsel apologizes for any resulting confusion.

2

7. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive relief with respect to the class as a whole, which satisfies the requirements of Rule 23(b)(2).

8. The granting of this motion will serve to clarify the issues in this litigation and will not serve to prejudice the Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff moves this Court to modify the class definition and certify this litigation as a class action pursuant to Rule 23(a) and Rule 23(b)(2), *Fed.R.Civ.P.*

Respectfully submitted,

/s/ Andrew C. Allen
ANDREW C. ALLEN

**OF COUNSEL:**
Joe R. Whatley, Jr.
WHATLEY DRAKE & KALLAS, LLC
2323 2nd Avenue North (35203)
Post Office Box 10647
Birmingham, Alabama 35202-0647
Telephone: (205) 328-9576
Facsimile: (205) 328-9669

J.L. Chestnut, Jr.
CHESTNUT, SANDERS, SANDERS
PETTAWAY & CAMPBELL, PC
Post Office Box 1290
Selma, Alabama 36702-1290
Telephone: (334) 875-9264
Facsimile: (334) 875-9853

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of October, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Abdul K. Kallon
James Walker May, Jr.
BRADLEY ARANT ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Email: akallon@bradleyarant.com
jmay@bradleyarant.com
Telephone: (205) 521-8294
Facsimile: (205) 488-6294

/s/ Andrew C. Allen
OF COUNSEL