IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME W. GRIFFIN, for himself and all others similarly situated,   )<br>)<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>ALABAMA GAS CORPORATION,   )<br>)<br>Defendants.   ) | Civil Action No.<br><br>2:06-CV-0365-MEF |

**SUPPLEMENT TO PLAINTIFF'S REPLY
MEMORANDUM IN SUPPORT OF THE
<u>AMENDED MOTION FOR CLASS CERTIFICATION</u>**

Comes now the Plaintiff in the above-styled cause, and submits this Supplemental Reply Memorandum in Support of Plaintiff's Amended Motion for Class Certification in response to the July 17, 2007 Order from the Court.

1.  State with specificity the class definition for the class for which he seeks certification.

The class definition is set out below, as defined in Plaintiffs Amended Motion for Class Certification, ¶ 2:

> African American employees of the Alabama Gas Corporation who within the last two (2) years were denied job promotions or who in the future will be denied the opportunity for such promotions to non-bargaining unit positions and salary increases on account of race, regardless of whether such employees are salaried, hourly, union or non-union workers, as a result of the "Hogan Assessment Test" or the "Structured Panel Interview."

This definition clearly identifies the class for which Griffin requests certification and, therefore, certification should not be denied on this basis.

2.	Provide legal precedent, preferably binding precedent or at least decisions from within the Eleventh Circuit, supporting Plaintiff's contention that the fact that the proposed class includes future members means that joinder for purposes of the numerosity requirement of Federal Rule of Civil Procedure 23(a).

As an initial matter, in the Eleventh Circuit, "it should be noted that Rule 23(a) will be read liberally in the context of a civil rights suit." *Armstead v. Pingree,* 629 F. Supp. 273 at 279 (11th Cir. 1986) (*citing Jones v. Diamond,* 519 F.2d 1090, 1099 (5th Cir. 1975)). Further, "this 'general rule encouraging liberal construction of civil rights class actions applies with equal force to the numerosity requirement of Rule 23(a)(1).'" (*Id.* at 1100). Indeed, the plaintiff need not show the precise number of class members, and the relevance of the numerosity requirement to class certification may in appropriate cases be less significant when in fact class-wide discrimination is alleged, as is the case in this action. *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925 (11th Cir. 1983). Courts have certified classes with vastly different numbers, and the he numerosity requirement "should not be applied in a yardstick fashion-i.e. whether 25 class members are enough or too few to satisfy Rule 23(a)(1)." *Armstead,* at 279. (*See, e.g., Kilgo v. Bowman Transportation, Inc.,* 87 F.R.D. 26, 29-30 (N.D.Ga. 1980) (23 unknown future members satisfied numerosity requirement)).

As set out previously in Plaintiff's Memorandum, the Defendant's allegation that the class is limited to only 9 members not only does not account for the number of applicants who have been subjected to these tests over the course of the past 10 months since Defendant's Memo was filed, but also does not account for the number of candidates who will be required to sit for these tests in the future. (pp. 6-7). The Defendants erroneously calculate the number of class members according to the number of African-Americans who took the HPI. (Defendant's

2

Memorandum, p. 18). Not only do they not account for the number of persons who have been required to sit for the Structured Interview test, but more significantly, they completely ignore the number of potential applicants who will be required to sit for these tests in the future. Indeed, the numerosity requirement can easily be met by properly including the potential applicant pool consisting of African American employees of AGC who may apply for a supervisory position in the future, and thus be subjected to these flawed testing procedures.

The proposition that a class consisting in part of a pool of future applicants means that joinder is impracticable for the purposes of the numerosity requirement of Federal Rule of Civil Procedure 23(a) is well established by legal precedent. In a sex discrimination case challenging a trucking company's use of one-year prior over-the-road experience requirement, the Eleventh Circuit Court of Appeals held that the district court did not abuse its discretion in finding that the numerosity requirement had been met in certifying the class, noting that the class included "future and deterred job applicants, which of necessity cannot be identified." *Kilgo v. Bowman Transportation, Inc.*, 789 F.2d 859, 878 (11th Cir. 1986). Candidates are continuing to be required to submit to the Hogan Test and the Structured Interview Test. Depending on the number of vacancies filled and the current number of African American AGC employees who may wish to apply for supervisory positions, there will continue to be many more class members in the future, which necessarily cannot be named at this time. Thus joinder is impracticable under Federal Rule of Civil Procedure 23(a).

Likewise, it has been held that where the class properly contains unnamed and unknown future members, the joinder of such class members is inherently impracticable. *Armstead* at 279 (citing *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1022 (5th Cir. 1981), cert. denied,

3

456 U.S. 960; *Jones v. Diamond*, 519 F.2d at 1100. In granting the plaintiffs motion to amend the class by dividing it into subclasses, the court held that:

> The consideration of future potential class members is particularly appropriate in this action which seeks only prospective injunctive relief. As such, plaintiffs are attempting to deter conduct which allegedly not only infringes their constitutional rights but will also infringe the rights of future residents of NEFSH. (*Id.*)

Because this class includes not only individuals who have thus far been subjected to these improper testing procedures, but also future potential class members who will benefit from the injunctive relief that this suit seeks and the joinder of such future class members is "inherently impracticable," this Court should find that the Plaintiff's class meets the numerosity requirement.

3. Provide legal precedent, preferably binding precedent or at least decisions from within the Eleventh Circuit, for Plaintiff's argument on the standing issue.

The fact that Griffin passed the Hogan Assessment does not affect his standing to challenge either testing procedure, as it is the unequal treatment that he was exposed to in taking both the Hogan Assessment and the Structured Interview Test that disparately impacts the promotional opportunities of African-American applicants. The Supreme Court has held repeatedly that "[t]he 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting form the imposition of the barrier, not the ultimate inability to obtain the benefit." *Wooden v. Board of Regents of the University System of Georgia*, 247 F.3d 1262 (11th Cir. 2001)(citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville*, 508 U.S. 656 at 666, 113 S.Ct. at 2303, 124 L.Ed.2d 586 (1993)). Further, the "Supreme Court's standing jurisprudence in this area unmistakably turns the focus away from . . . *result-oriented* analysis and toward a *process-oriented* analysis that asks whether the plaintiff has actually been *exposed* to unequal treatment. (*Id.*) Here, Griffin was treated differently and less favorably by the joint institution of the Hogan Assessment Test and the

4

Structured Interview Test, both of which he alleges disparately impact the promotional opportunities of African-American applicants for supervisory positions. The fact that Griffin submitted to and passed the Hogan Assessment in no way affects the fact that the process of subjecting applicants to both tests has an adverse impact on test takers. As Griffin failed the Structured Interview portion of the process, he therefore has standing to challenge the policy of these testing procedures.

    4.    Address whether Plaintiff seeks compensatory or punitive damages on behalf of himself, as opposed to the class, and if so, provide legal authority, preferably binding precedent or at least decisions from within the Eleventh Circuit, for his ability to prosecute such claims in the same lawsuit with a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) in which, as class representative, he has disavowed compensatory and punitive damages for the class members other than himself.

Griffin is asserting two separate legal claims under Title VII of the *Civil Rights Act of 1964,* as amended by the *Civil Rights Act of 1991,* and 42 U.S.C. § 2000(e), *et seq.* : the first is Griffin's individual claim for disparate treatment under Title VII and 42 U.S.C. § 1981; and the second is a claim for disparate impact pursuant to Title VII that Griffin asserts on behalf of himself as well as the members of the class he seeks to represent. Under Griffin's individual claim for disparate treatment, he seeks injunctive relief requiring AGC to cease its policy of race discrimination, as well as compensatory and punitive damages, as are provided for under 42 U.S.C § 1981. *U.S. E.E.O.C. v. W&O, Inc.* 213 F.3d 600 (11th Cir. 2000). Separately and distinctly, Griffin also seeks relief for the disparate impact claim on behalf of the class in the form of injunctive relief as well as equitable relief in the form of front and back pay. Under Title

VII provisions, the only relief available for violations of 42 U.S.C. § 2000(e) is back pay and injunctive relief.

Thereby, Griffin is not disavowing compensatory and punitive damages for the class members other than himself. Rather, the disparate impact claim is limited by statute primarily to injunctive relief, so in bringing this action under Federal Rule of Civil Procedure (b)(2), Griffin is simply seeking the forms of relief that are available under applicable law. Rule 23(b)(2) is the appropriate vehicle for asserting a claim for disparate impact because it provides only for "final injunctive relief or corresponding declaratory relief with respect to the class as a whole." While the rule is silent as to whether monetary remedies may be sought in conjunction with injunctive or declaratory relief, the Advisory Committee Notes on Rule 23 state that class certification under (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or *predominantly* to money damages." *Fed. R. Civ. P.* 23 (advisory committee notes) (emphasis added). The Eleventh Circuit has adopted the advisory committee's position that monetary relief may be obtained in a (b)(2) class action only where the predominant relief sought is injunctive or declaratory. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983).

Because Griffin is asking for all available relief in his claim for disparate impact on behalf of himself as well as all members of the class pursuant to Title VII under Federal Rule of Civil Procedure 23(b)(2), there is no Rule 23(a) conflict of interest between Griffin and the class he seeks to represent. Griffin's individual claim for disparate treatment is based on specific conduct directed toward him by AGC that goes beyond the use of a selection procedures that have a disparate impact. It is this specific conduct directed at Griffin which is not alleged to have been experienced by other class members that gives rise to his individual disparate treatment claim. Griffin's separate disparate treatment claim creates no conflict of interest with

the class because he is seeking all available damages on behalf of the class for their collective disparate impact claim, and individual class members are free to maintain separate actions for damages under a claim for disparate treatment if they so choose. *Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). In *Cooper,* the Supreme Court held that judgment in a class action against a certified class of employees did not preclude class members from pursuing subsequent civil actions alleging individual claims of racial discrimination against their employer. (*Id.*)

As Griffin is pursuing all available remedies available for the claim of disparate treatment in the form of injunctive and equitable relief on behalf of the proposed class, no conflict of interest exists, and he is an adequate class representative.

Dated: August 3, 2007                                    Respectfully submitted,


                                                         /s/ Andrew C. Allen
                                                         ANDREW C. ALLEN


OF COUNSEL:
Joe R. Whatley, Jr.
WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000 (35203)
Post Office Box 10647
Birmingham, Alabama 35202-0647
Telephone: (205) 328-9576
Facsimile: (205) 328-9669

J. L. Chestnut, Jr.
CHESTNUT, SANDERS, SANDERS
PETTAWAY & CAMPBELL, PC
Post Office Box 1290
Selma, Alabama 36702-1290
Telephone: (334) 875-9264
Facsimile: (334) 875-9853

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of August, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Abdul K. Kallon
BRADLEY ARANT ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Email: akallon@bradleyarant.com
Telephone: (205) 521-8294
Facsimile: (205) 488-6294

James Walker May
BRADLEY ARANT ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Email: jmay@bradleyarant.com
Telephone: (205) 521-8294
Facsimile: (205) 488-6294

/s/ Andrew C. Allen
OF COUNSEL